Reuben D. Nathan, Esq. (SBN 208436)
AZIMY & NATHAN, LLP
18500 Von Karman Ave., Suite 500
Irvine, California 92612
Phone: (949) 486-1888
Fax: (949) 4861889
Email: r.n@azimynathan.com
         e.a@azimynathan.com

Attorneys of Record for Plaintiff,
JOSEPH ABDULLAH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ABDULLAH,<br><br>Plaintiff<br><br>v.<br><br>HARMAN-VAN NORMAN, INC. dba KENTUCKY FRIED CHICKEN No. 240; LAWRENCE J. NANNINI as Trustee of THE LAWRENCE J. NANNINI TRUST; THE LAWRENCE J. NANNINI TRUST and Does 1 through 10, inclusive.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br>**FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Americans with Disabilities Act [42 U.S.C. § 12101 *et seq.*]<br>2. California Civil Code § 52.1 *et seq.*<br>3. California Civil Code § 54, *et seq.*<br>4. Negligence<br>5. California Health and Safety Code § 19955, *et seq.* |

- 1 -

Complaint

## COMPLAINT

COMES NOW the Plaintiff, JOSEPH ABDULLAH, and complains through his attorneys of record as follows:

### I. NATURE OF THE CASE

1. This is an action seeking injunctive and declaratory relief and statutory damages to remedy unlawful discrimination by the Defendants against the Plaintiff in the Defendants' place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, the Disabled Person's Act, California Civil Code § 54, *et seq.*, and California Health and Safety Code § 19955.

### II. PARTIES

2. Plaintiff, JOSEPH ABDULLAH is a citizen of the State of California, and is a "disabled" person within the meaning of the Americans with Disabilities Act and California Government Code § 12926. Within the past two years, Plaintiff has visited, or attempted to visit, the Defendants' business establishment at issue in this complaint and has been discriminated against and prevented from enjoying fair and equal access to such Defendants' business establishment due to his disabled status in ways that will be described in more detail herein. Plaintiff intends to return to the subject premises herein in the immediate future for the provision of goods and services therein and is being prevented from so returning due to the existence of numerous architectural barriers, as will be described in more detail herein.

3. Defendant, HARMAN-VAN NORMAN, INC. dba KENTUCKY FRIED CHICKEN No. 240, owns, operates, and/or leases a fast food restaurant located at 7199 Mission Street, Daly City, California.

//

4. Defendant, LAWRENCE J. NANNINI as Trustee of THE LAWRENCE J. NANNINI TRUST, owns, operates, and/or leases a fast food restaurant located at 7199 Mission Street, Daly City, California.

5. Defendant, THE LAWRENCE J. NANNINI TRUST, owns, operates, and/or leases a fast food restaurant located at 7199 Mission Street, Daly City, California.

6. Defendant Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

### III. JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and § 1343 in that this is an action arising under the laws of the United States and each of the Defendants are subject to personal jurisdiction.

8. Under the doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiff's claims arising under California state law. Venue is appropriate in this Court under 28 U.S.C. § 1339(b); the claim having arisen in Northern District of California.

### IV. PRELIMINARY STATEMENT

9. In 1990, the United States Congress made findings regarding persons with physical disabilities, finding that laws were necessary to protect more than 43 million Americans with one or more physical or mental disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation,

Complaint

1 | independent living and economic self-sufficiency for such individuals; [and that]
2 | the continuing existence of unfair and unnecessary discrimination and prejudice
3 | denies people with disabilities the opportunity to compete on an equal basis and the
4 | pursue those opportunities for which our free society is justifiably famous. 42
5 | U.S.C. § 12101, *et seq.*

6 |   10.   Congress states its purpose in enacting the Americans with
7 | Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* as follows:
8 | "It is the purpose of this act (1) to provide a clear and comprehensive national
9 | mandate for the elimination of discrimination against individuals with disabilities;
10 | (2) to provide clear, strong, consistent, enforceable standards addressing
11 | discrimination against individuals with disabilities; (3) to ensure that the Federal
12 | government plays a central role in enforcing the standards established in this act on
13 | behalf of individuals with disabilities; and (4) to invoke the sweep of
14 | Congressional authority, including the power to enforce the 14th Amendment and
15 | to regulate commerce, in order to address the major areas of discrimination faced
16 | day to day by people with disabilities."

17 |   11.   Title III of the Americans with Disabilities Act prohibits
18 | discrimination against individuals "on the basis of disability in the full and equal
19 | enjoyment of the goods, services, facilities, privileges, advantages, or
20 | accommodations of any place of public accommodation by any person who owns,
21 | leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §
22 | 12182(a).

23 |   12.   The "Americans with Disabilities Act Architectural Guidelines for
24 | Building and Facilities" (ADAAG) has been adopted as the governing authority
25 | setting forth minimum standards and requirements designed to guarantee basic
26 | access to public accommodations by persons with physical and mental disabilities
27 | and to prevent unnecessary unlawful discrimination against such individuals. 28
28 | C.F.R. 36.501(a).

Complaint

13. The general rule under Title III of the ADA as it relates to public accommodations is set forth in § 302(b)(2)(A)(iv), codified as 42 U.S.C. § 12182. The critical portions of text are quoted hereafter: "(2) Specific Prohibitions . . . (A) Discrimination . . . (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable."

14. All of the Defendants listed herein lease, lease to, operate, and/or own "places of public accommodation" as defined by the Americans with Disabilities Act, and are therefore covered by Title III of the Act.

15. Defendants' operation of their businesses all effect interstate commerce.

## V. STATEMENT OF FACTS

16. Defendants, and each of them, have failed and continue to fail to provide sufficient barrier free access to the aforementioned business establishment including, but not limited to, inaccessible paths of travel, inaccessible parking, noncompliant signage and/or otherwise failing to comply with specific accessibility requirements as set forth in the ADA Accessibility Guidelines and/or California's Title 24 Building Code requirements, and/or other applicable codes, statutes and/or regulations. Plaintiff provided Defendants with informal notice of the violations as set forth in this Complaint. However, to date Plaintiff has not received any form of response from Defendants.

## VI. FIRST CAUSE OF ACTION

### For Violations of the Americans with Disabilities Act

### 42 U.S.C. § 12101 *et seq.*

### (By Plaintiff Against All Defendants)

17. Plaintiff hereby reasserts and incorporates by reference the allegations of paragraphs 1 through 16 of this Complaint, as if fully set forth in detail herein.

18. The aforementioned conduct by Defendants constitutes ongoing acts of unfair and unlawful discrimination against Plaintiff in violation of 42 U.S.C. § 12101, *et seq*. Unless restrained from doing so, Defendants will continue to violate the ADA. Such conduct, unless enjoined by action of this Court, will continue to inflict injuries on Plaintiff for which Plaintiff will have no other adequate remedy at law.

19. Plaintiff alleges that constructing compliant facilities and/or modifying existing facilities to guarantee compliance can be done simply and inexpensively and will eliminate the disparate and discriminatory treatment of persons with disabilities by ensuring proper barrier-free access for safe, full and equal use and enjoyment of the Defendants' business establishment. Correction of the items complained of in this Complaint is, therefore, readily achievable and is required of the Defendants by the provisions of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. Defendants' failure to fully comply with ADA statutes, regulations and the "Americans with Disabilities Act Architectural Guidelines for Buildings and Facilities" (ADAAG) and to make all readily achievable accommodations to remove architectural barriers to allow access by Plaintiff to the public facility, goods and services provided by the Defendants violates the Americans with Disabilities Act.

21. Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12188 *et seq*., Plaintiff is being subjected to discrimination on the basis of disability in violation of this Title and/or has reasonable grounds for believing he is about to be subjected to discrimination in violation of the ADA. Plaintiff cannot return to or make use of the facility complained of herein for the purpose of entry of provision of goods and services, and so long as the Defendants continue to maintain their facility in such a way as to refuse to allow equal access to persons with disabilities such as Plaintiff, such a pattern of discriminatory treatment will continue.

## VII. SECOND CAUSE OF ACTION

### For violation of the Unruh Civil Rights Act

### California Civil Code § 51, *et seq.*

### (By Plaintiff Against All Defendants)

22. Plaintiff hereby reasserts and incorporates by reference the allegations of paragraphs 1 through 21 of this Complaint, as if fully set forth in detail herein.

23. Plaintiff is a "disabled" person within the meaning of Section 12926 of the California Government Code.

24. Due to the various acts of intentional discrimination set forth in this Complaint, Plaintiff has been denied his right and entitlement to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" as required by Civil Code § 51 *et seq.*

25. The aforementioned violations of the standards set forth in the Americans with Disabilities Act of 1990, and the accompanying ADAAG, also constitute violations of the Unruh Civil Rights Act, pursuant to Civil Code § 51 *et seq.*

26. Defendants' wrongful conduct is continuing in that Defendants continues to deny full, fair, and equal access to their business establishment and full, fair and equal accommodations, advantages, facilities, privileges, and services to Plaintiff as a disabled person due to his disability, which wrongful conduct has resulted in damage to the Plaintiff.

27. Unless Defendants are restrained by a preliminary and permanent injunction of this Court, Plaintiff's injury will be immediate and irreparable. Plaintiff has no other plain, speedy, and adequate remedy at law, and it will be impossible to determine the precise amount of damage that he will suffer if Defendants' conduct is not restrained.

//
//

Complaint

## VIII. THIRD CAUSE OF ACTION

### For Violations of California Civil Code § 54, *et seq.*

### (By Plaintiff Against All Defendants)

28. Plaintiff hereby reasserts and incorporates by reference the allegations of paragraphs 1 through 27 of this Complaint, as if fully set forth in detail herein.

29. Plaintiff is a "disabled" person within the meaning of Section 12926 of the California Government Code.

30. Due to the various acts of discrimination set forth in this Complaint, Plaintiff has been denied his right and entitlement to "full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places" as required by Civil Code § 54(a).

31. The aforementioned violations of the standards set forth in the Americans with Disabilities Act of 1990, and the accompanying ADAAG, constitute violations of Civil Code § 54 *et seq.*, including Sections 54(c) and 54.1(a)(3).

32. Defendants' wrongful conduct is continuing in that Defendants continue to deny full, fair, and equal access to their business establishment and full, fair and equal accommodations, advantages, facilities, privileges, and services to Plaintiff as a disabled person due to his disability, which wrongful conduct has resulted in damage to the Plaintiff.

33. Unless Defendants are restrained by a preliminary and permanent injunction of this Court, Plaintiff's injury will be immediate and irreparable. Plaintiff has no other plain, speedy, and adequate remedy at law, and it will be impossible to determine the precise amount of damage that he will suffer if Defendants' conduct is not restrained.

//
//

## IX. FOURTH CAUSE OF ACTION
### Negligence
### (By Plaintiff Against All Defendants)

34.  Plaintiff hereby reasserts and incorporates by reference the allegations of paragraphs 1 through 33 of this Complaint, as if fully set forth in detail herein.

35.  Defendants owed Plaintiff a mandatory statutory duty to make their facility accessible pursuant to, among other statutes and guidelines, Title 24 of the California Administrative Code and applicable Uniform Building Codes, as amended. Plaintiff believes and thereon alleges that Defendants have failed to make their facility accessible before and after remodeling and/or renovations, as required by the ADA, California Government Code § 4450 and California Health and Safety Code § 19955.

36.  Defendants owed Plaintiff a mandatory statutory duty to provide full and equal access to accommodations, advantages, facilities, privileges and services of all business establishment and places of public accommodation. Plaintiff believes and thereon alleges that Defendants have breached their duty by denying full and equal access to said accommodations, advantages, facilities, privileges and services, in violation of California Civil Code §§ 51, *et seq.*, 52, *et seq.*, 54, 54.1, 54.2, 54.3, 55, and 55.1 and any other Civil Code Sections which provided relief for the discrimination suffered by Plaintiff.

37.  As a proximate result of the negligent action or inaction of Defendants, and each of them, Plaintiff suffered general, special and statutory damages which will be presented at the time of trial according to proof.

38.  Defendants' negligent conduct as described herein was fraudulent, malicious and oppressive and done in conscious or reckless disregard for Plaintiff's rights. Therefore, the actions or inactions of Defendants, and each of them, justify an award of punitive or exemplary damages in an amount not presently ascertainable, but which will be determined according to proof at trial or before.

Plaintiff will amend this Complaint, with leave of Court if necessary, to insert the true amount hereof when same has been ascertained, or at the time of trial.

## X. FIFTH CAUSE OF ACTION

### For Violations of California Health and Safety Code § 19955, *et seq.*

### (By Plaintiff Against All Defendants)

39.   Plaintiff hereby reasserts and incorporates by reference the allegations of paragraphs 1 through 38 of this Complaint, as if fully set forth in detail herein.

40.   Defendants' facility, or portions thereof, are or contain places of public accommodation within the meaning of Health and Safety Code § 19955, *et seq.* The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of Defendants' facility by Plaintiff due to his disability.

41.   Defendants' failure to fulfill their duties and obligations to provide full and equal access to their facility by persons with disabilities has caused Plaintiff to suffer a deprivation of Plaintiff's civil rights.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Honorable Court:

1.   That this Court assume jurisdiction.

2.   That this Court issue an injunction, as mandated by 42 U.S.C. § 12188(a)(2), and 28 C.F.R. § 36.501(b), enjoining Defendant, and each of them, from continuing their unlawful discrimination against persons with disabilities.

3.   That this Court issue mandatory relief, thereby ordering the Defendants, and each of them, to alter the premises to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36.

4.   That this Court award Plaintiff appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205, 28 C.F.R. § 36.505, California Code of Civil Procedure § 1021.5 and California Civil Code § 55.

Complaint

1     5.     For statutory Damages in an amount not less than $1,000 and $4,000.00 per violation in accordance with California Civil Code §§ 54.3(a) and 52(a).

    6.     For general, special, punitive and exemplary damages according to proof.

    7.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

DATED: 8/2/06

AZIMY & NATHAN, LLP

By: _____
Reuben D. Nathan, Esq.
Attorneys for Plaintiff,
JOSEPH ABDULLAH

Kentucky Fried Chicken, 7199 Mission Street, Daly City 94014



Page 1 of 2

